ACCEPTED
14-15-00015-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/25/2015 12:26:14 PM
CHRISTOPHER PRINE
CLERK

## No. 14-15-00015-CV

**IN THE FOURTEENTH COURT OF APPEALS**
**HOUSTON, TEXAS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/25/2015 12:26:14 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE INTEREST OF C.C.G., A CHILD

APPEAL FROM CAUSE NO. 2013-03557J
315th DISTRICT COURT, HARRIS COUNTY, TEXAS
HON. JUDGE MICHAEL SCHNEIDER

## APPELLANT MOTHER MG'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR REHEARING

Paul R. Lawrence
State Bar No. 12050000
2180 North Loop West, Suite 510
Houston, Texas 77018
(713) 864-8000
(713) 864-0179 (fax)
prlawrence@lbandd.com
*Counsel for Appellant Mother MG*

1

TO THE HONORABLE FIRST COURT OF APPEALS:

Comes now Mother MG, Appellant, Defendant in the trial court, and files this Motion for Rehearing, and would respectfully show the Court the following:

On November 10, 2015, this Court issued its Memorandum Opinion, affirming the Trial Court's Judgment.

The Court found that although Mother MG asserted that Notice of Past Due Findings of Fact and Conclusions of Law were timely filed, such was not in the Clerk's Record filed on January 15, 2015. Mother MG did file such Notice of Past Due Findings of Fact and Conclusions of Law as filed-marked January 9, 2015, twenty-one days after the Request. Such Findings and Conclusions were due on or before January 8, 2015. TRCP Rule 297 provides that Findings and Conclusions "shall file its Findings of Fact and Conclusions of Law within 20 days after a timely request." See Exhibit A attached hereto. Exhibit B is Mother MG's Request for Findings of Fact and Conclusions of Law filed on December 19, 2014. Exhibit C is the Trial Court's Final Judgment signed on December 17, 2014.

The Clerk's Record is referred to in the Case Events in this Honorable Court's record as filed on January 15, 2015 but the Record was prepared and dated January 7, 2015, prior to the Notice of Past Due Findings of January 9, 2015. It was not included in the Clerk's Record (and, such is not available online).

2

Counsel for Appellant has requested the District Clerk – Civil Post Trial Department to supplement the Clerk's Record by preparing, certifying and filing the Notice of Past Due Findings of Fact and Conclusions of Law on an expedited basis. (Exhibit D) The District Clerk's office has indicated that it could be thirty days or more to comply with the Request unless this Court directs the Clerk's Office to file within a shorter period of time.

Appellant requests this Court to direct the District Clerk to file the Supplement to the Clerk's Record on an expedited basis within 10 days.

Appellant will need only a few days after that Supplement is filed to prepare and file her Motion for Rehearing which will be principally predicated on the lack of Findings and Conclusions.

Appellant requests an extension of thirty-five days, or five days after Supplement is filed.

WHEREFORE PREMISES CONSIDERED, Appellant prays that this Motion for Extension of Time to File Motion for Rehearing be granted. Appellant also prays for all such other and further relief to which she may be justly entitled at law or in equity.

3

RESPECTFULLY SUBMITTED:

/s/ Paul R. Lawrence
Paul R. Lawrence
State Bar No. 12050000
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Telephone: (713) 864-8000
Fax: (713) 864-0179
prlawrence@lbandd.com
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I, Paul R. Lawrence, in compliance with Texas Rule of Appellate Procedure 9.5, hereby certify that a true and correct copy of the foregoing Appellant's Motion for Extension of Time to File Motion for Rehearing was sent to all other parties to the trial court's judgment by e-service on this the 25th day of November, 2015, as listed below:

Sandra Hachem, County Attorney
David Masquelette, County attorney
Robert J. Hazeltine-Shedd, Assistant County Attorney
Jeffrey Marsh, Amicus Attorney
Dorothy E. Oruaga, Amicus Attorney
Sergio Reyes

*/s/ Paul R. Lawrence*
Paul R. Lawrence

CAUSE NO. 2013-03557J

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| CALEB CHRISTOPHER GARCIA | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | 315th JUDICIAL DISTRICT |

## NOTICE OF PAST DUE FINDINGS OF FACT & CONCLUSIONS OF LAW

Defendant's original Request for Findings of Fact and Conclusions of Law was filed on December 19, 2014. The above-captioned cause came on for trial before the Court without a jury on November 3, 5, 10, 13 and 17th, 2014. Judgment was signed on December 17, 2014.

Defendant requests the Court to make Findings of Fact and Conclusions of Law pursuant to Texas Rules of Civil Procedure.

Respectfully submitted,
LAWRENCE and BACA, PLLC

By: _/s/ Paul R. Lawrence_
Paul R. Lawrence
State Bar No. 12050000
2180 North Loop West, Suite 510
Houston, Texas 77018
Telephone: (713) 864-8000
Fax: (713) 864-0179
prlawrence@lbandd.com


EXHIBIT
A

CAUSE NO. 2013-03557J

IN THE INTEREST OF         §     IN THE DISTRICT COURT
CALEB CHRISTOPHER GARCIA     §
                                §
                                §     HARRIS COUNTY, TEXAS
                                §
                                §     315th JUDICIAL DISTRICT

## REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE COURT:

Monica Garcia, Movant and Mother in the above-referenced cause, in which judgment

was rendered on November 17, 2014, requests that you state, in writing, the facts found by you,

and that you separately state, in writing, your conclusions of law, and, further, that you file such

findings of fact and conclusions of law with the clerk of this Court so that they shall be part of the

record of the cause, all in accordance with Rule 297 of the Texas Rules of Civil Procedure.

                                Respectfully submitted,
                                LAWRENCE and BACA, PLLC


                                By:     */s/ Paul R. Lawrence*
                                Paul R. Lawrence
                                State Bar No. 12050000
                                2180 North Loop West, Suite 510
                                Houston, Texas 77018
                                Telephone: (713) 864-8000
                                Fax: (713) 864-0179
                                prlawrence@lbandd.com



EXHIBIT

B

## CERTIFICATE OF SERVICE

I, Paul R. Lawrence hereby certify that a true and correct copy of Request for Findings of Fact and Conclusions of Law has been sent to the following parties by facsimile transmission, email or by certified mail on this the 19th day of December, 2014.

David Masqualette, County attorney      (713) 578-3995
Jeffrey Marsh, Amicus Attorney      (713) 626-2775
Dorothy E. Oruaga, Amicus Attorney      (713) 592-9108
Sergio Reyes      (281) 485-5553
Ke'Sha Jacobs, CPS supervisor      Kesha.Jacobs@dfps.state.tx.us

_/s/ Paul R. Lawrence_
Paul R. Lawrence

ORIGINAL

**F I L E D**
Chris Daniel
District Clerk

DEC 17 2014

Time: _____

Harris County, Texas

By_____
Deputy

KE'SHA JACOBS 175-6

CAUSE NO. 2013-03557J

| | |
|---|---|
| IN THE INTEREST OF | IN THE DISTRICT COURT OF |
| CALEB CHRISTOPHER GARCIA | HARRIS COUNTY, TEXAS |
| CHILD | 315TH JUDICIAL JUVENILE DISTRICT |

## ORDER MODIFYING PRIOR ORDER

On **November 3, 2014, November 5, 2014, November 10, 2014, November 13, 2014** and **November 17, 2014,** came on to be heard before this Court was the *Third Amended Motion To Modify Prior Order* filed by the Texas Department of Family and Protective Services ("the Department").

1.  **Appearances**

    1.1.  The Department appeared through **KE'SHA JACOBS,** caseworker, and by attorney, **DAVID S. MASQUELETTE,** and announced ready.

    1.2.  Respondent **MOTHER, MONICA LEE GARCIA AKA MONICA LEE RIEDEL,** appeared in person and through attorneys, **PATRICIA SEGURA** and **PAUL R. LAWRENCE,** and announced ready.

    1.3.  Respondent **FATHER, SAMUEL R. GARCIA, JR., SSN XXX-XX-8811,** appeared in person and through attorney **SERGIO REYES,** and announced ready.

    1.4.  **JEFFREY H. MARSH,** appointed by the Court as Attorney Ad Litem for the child the subject of this suit appeared and announced ready.

    1.5.  **DOROTHY DAFEY ORUAGA,** appointed by the Court as Guardian Ad Litem for the child the subject of this suit appeared and announced ready.

2.  **Findings**

    2.1.  The Court, having examined the record and heard the evidence and argument of counsel, finds that this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case at this time.

    2.2.  The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction of this case pursuant to Subchapter C, Chapter 152, Texas Family Code, by virtue of the fact that Texas is the home state of the child.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

EXHIBIT
C

2.3.    All persons entitled to citation were properly cited.

2.4.    The Court finds that the material allegations contained in the Department's *Third Amended Motion to Modify* are true and that the following orders are in the best interest of the child.

2.5.    The Court finds that this order sufficiently defines the rights and duties of the parents of the child

3.    **Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

4.    **Record**

The record of testimony was duly reported by the court reporter, **CARA C. SKINNER** for the 315th Judicial District Court of Harris County.

5.    **The Child**

The Court finds that the following child is the subject of this suit:

| | |
|---|---|
| Name: | **CALEB CHRISTOPHER GARCIA** |
| Sex: | **MALE** |
| Birth Date: | **DECEMBER 18, 2009** |
| Social Security Number: | **XXX-XX-3697** |
| Present Residence: | **OWN HOME** |

6.    **The Department's Motion to Modify is GRANTED.**

The Court finds that the circumstances of the Child, the Joint Managing Conservators, or any other party affected by the prior order entitled **FINAL DECREE OF DIVORCE** and dated **June 13, 2011** have materially and substantially changed since the rendition of the order to be modified.

IT IS ORDERED that **SAMUEL R. GARCIA, JR.** and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** remain Joint Managing Conservators of the following child: CALEB GARCIA.

IT IS ORDERED that, at all times, **SAMUEL R. GARCIA, JR.** and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL**, as parent joint managing conservators, shall each have the following rights:

1) the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;
2) the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;
.3) the right of access to medical, dental, psychological, and educational records of the

child;

4) the right to consult with a physician, dentist, or psychologist of the child;

5) the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6) the right to attend school activities;

7) the right to be designated on all of the child's records, including medical, school, and day care, as the child's parent and as a person to be notified in case of an emergency;

8) the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9) the right to manage the estates of the child to the extent the estates have been created by the parent or the parent's family.

**IT IS ORDERED** that, at all times, **SAMUEL R. GARCIA, JR.** and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL,** as parent joint managing conservators, shall each have the following duties:

1) the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child; and

2) the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. **WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.**

**IT IS ORDERED** that, during their periods of possession, **SAMUEL R. GARCIA, JR.** and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL,** as parent joint managing conservators, shall each have the following rights and duties:

1) the duty of care, control, protection, and reasonable discipline of the child;

2) the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3) the right to consent for the child to medical and dental care not involving an invasive procedure; and

4) the right to direct the moral and religious training of the child.

7.  **Removal of Managing Conservator with Right to Establish Residence.**

IT IS DECREED that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** be removed as Joint Managing Conservator with the right to establish the residence of the child **CALEB CHRISTOPHER GARCIA.**

8.  **Appointment of New Managing Conservator of the Child with Right to Establish Residence.**

8.1.  **IT ORDERED AND DECREED** that **SAMUEL R. GARCIA, JR.** is appointed Joint Managing Conservator with the right to establish the residence of the child, **CALEB CHRISTOPHER GARCIA**, with the rights and duties specified in § 153.371, Texas Family Code, as follows:

1) the exclusive right to designate the primary residence of the child within Harris County and Matagorda County;
2) the independent right to consent to medical, dental, and surgical treatment involving invasive procedures;
3) the independent right to consent to psychiatric and psychological treatment of the child;
4) the exclusive right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;
5) the independent right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;
6) the independent right to consent to marriage and to enlistment in the armed forces of the United States;
7) the independent right to make decisions concerning the child's education;
8) except as provided by section 264.0111 of the Texas Family Code, the independent right to the services and earnings of the child;
9) except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the independent right to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government; and
10) the independent duty to manage the estates of the child to the extent the estates have been created by community property or the joint property of the parent.

8.2.  The Court finds the above-described appointment to be in the best interest of the child.

9.1  IT IS FURTHER ORDERED AND DECREED that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is appointed Joint Managing Conservator of the child, **CALEB CHRISTOPHER GARCIA**, with the rights and duties specified in § 153.371, Texas Family Code, as follows:

1) the independent right to consent to medical, dental, and surgical treatment involving invasive procedures;
2) the independent right to consent to psychiatric and psychological treatment of the

child;

3) the independent right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

4) the independent right to consent to marriage and to enlistment in the armed forces of the United States;

5) the independent right to make decisions concerning the child's education;

6) except as provided by section 264.0111 of the Texas Family Code, the independent right to the services and earnings of the child;

7) except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the independent right to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government; and

8) the independent duty to manage the estates of the child to the extent the estates have been created by community property or the joint property of the parent.

8.3. The Court finds the above-described appointment to be in the best interest of the child.

8.4. **IT IS FURTHER ORDERED AND DECREED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is hereby **REMOVED** as a Temporary Managing Conservator of the child at issue in the case and is **RELEASED** from any further duties, or responsibilities pursuant to any designation or authority that this court may have granted to the Department during the pendency of this case and prior to the date of this judgment.

9. **Parties Granted Possession or Access**

9.1. The Court finds that the following orders regarding possession and access by **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** are in the child's best interest.

9.2. **IT IS ORDERED AND DECREED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall have possession of the child at times mutually agreed to in advance by the parties and, in the absence of mutual agreement, as follows:

The Court finds that the Standard Possession Order as set out in Exhibit A, attached hereto and incorporated herein, is in the best interest of the child.

The Court further ORDERS that any contact between the child, **CALEB CHRISTOPHER GARCIA** and **RANDALL LOWRY** shall be supervised by **MONICA LEE GARCIA AKA MONICA LEE RIEDEL.**

9.3 The Court further ORDERS that **SAMUEL R. GARCIA, JR.** shall have the child **CALEB CHRISTOPHER GARCIA** available to **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** for telephone access on each Wednesday of every week at 8:00 p.m.

9.3. **IT IS ORDERED AND DECREED** that **MONICAL LEE GARCIA AKA MONICA LEE REIDELL** shall have possession of the child at times mutually agreed to in advance by the parties and, in the absence of mutual agreement, as follows:

The Court finds that the Standard Possession Order as set out in Exhibit A, attached hereto and incorporated herein, is in the best interest of the child.

9.4. The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

10. **Additional Orders**

10.1 **IT IS FURTHER ODERED** that **SAMUEL R. GARCIA, JR.** shall not drive a vehicle with the child **CALEB CHRISTOPHER GARCIA** without a valid driver's license and valid auto insurance.

10.2 **IT IS FURTHER ORDERED** that the child, **CALEB CHRISTOPHER GARCIA** is never to be left alone in the supervision of his paternal grandmother, **FRANCISCA GARCIA a/k/a FRANCES GARCIA**.

11. **Interstate Compact**
The Court finds that the Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by § 162.002(b)(1) of the Texas Family Code.

12. **Temporary Child Support Survives Judgment**

**IT IS FURTHER ORDERED AND DECREED** that all obligations and duties for temporary child support imposed by the temporary orders of this Court that are not yet discharged shall survive this judgment and independent enforcement may be sought.

13. **Child Support: MONICA LEE GARCIA AKA MONICA LEE RIEDEL**

13.1 **IT IS ORDERED AND DECREED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall pay child support for the child as set forth in **Child Support Attachment A** to this Order, which is incorporated herein as if set out verbatim in this paragraph.

9.5. **IT IS ORDERED AND DECREED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall pay, when due, all fees charged by the agency through whom child support is paid.

10. **Medical Support and Health Insurance: MONICA LEE GARCIA AKA MONICA LEE RIEDEL and SAMUEL R. GARCIA, JR.**

**IT IS ORDERED AND DECREED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** and **SAMUEL R. GARCIA, JR.** shall provide for the medical support of

the child as set forth in **Medical Support and Health Insurance Provisions Attachment C** to this Order, which is incorporated herein as if set out verbatim in this paragraph.

11. **Duty to Provide Information**

11.1. **IT IS ORDERED AND DECREED** pursuant to § 153.076(a), Texas Family Code that each conservator of a child has a duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child.

11.2. **IT IS ORDERED AND DECREED** pursuant to § 153.076(b), Texas Family Code, that each conservator of the child has the duty to inform the other conservator if the conservator resides with for at least 30 days, marries, or intends to marry a person who the conservator knows:

11.2.1. is registered as a sex offender under Chapter 62, Code of Criminal Procedure; or

11.2.2. is currently charged with an offense for which on conviction the person would be required to register under that chapter.

11.3. The notice required to be made under § 153.076(b), Texas Family Code, must be made as soon as practicable but not later than the 40th day after the date the conservator of the child begins to reside with the person or the 10th day after the date the marriage occurs, as appropriate. The notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.

11.4. **A CONSERVATOR COMMITS AN OFFENSE IF THE CONSERVATOR FAILS TO PROVIDE NOTICE IN THE MANNER REQUIRED BY SUBSECTIONS (b) AND (c) OF § 153.076, Texas Family Code. AN OFFENSE UNDER THIS SUBSECTION (d) IS A CLASS C MISDEMEANOR**

12. **Required Information and Notices Regarding the Parties and child**

12.1. **EXCEPT FOR THOSE PERSONS SPECIFICALLY EXEMPTED FROM SUCH DISCLOSURE BELOW, EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME**

TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

12.2. THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

12.3. NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $ 10,000.

12.4. FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

12.5. NOTICE SHALL BE GIVEN TO EACH OTHER PARTY BY DELIVERING A COPY OF SUCH NOTICE TO EACH PARTY BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED. NOTICE SHALL BE GIVEN TO THE COURT BY DELIVERING A COPY OF THE NOTICE IN PERSON TO THE CLERK OF THE COURT OR BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO THE CLERK AT 315th Judicial District Court of Harris County. NOTICE SHALL BE GIVEN TO THE STATE CASE REGISTRY BE MAILING A COPY OF THE NOTICE TO THE STATE CASE REGISTRY, CENTRAL FILE MAINTENANCE, P.O. BOX 12048, AUSTIN, TEXAS 78711-2048.

12.6. The child's information is provided above; the information required of each party not exempted from such disclosure is:

| 12.6.1. | Name: | **MONICA LEE GARCIA** |
| | Aka: | **MONICA LEE RIEDEL** |
| | Social Security number: | **XXX-XX-2824** |
| | Driver's License: | **XXXXX167** |
| | Current address: | **8304 BONHILL CT., SPRING, TX 77379** |
| | Home telephone number: | **(281) 886-6575** |
| | Name of employer: | **Redd School** |
| | Address of employment: | **4820 Strack Rd., Houston, TX 77069** |
| | Work telephone number: | **(281) 440-1106** |

| 12.6.2. | Name: | **SAMUEL R. GARCIA, JR.** |
| | Social Security number: | **XXX-XX-8811** |
| | Driver's License: | |
| | Current address: | **1736 COUNTY ROAD 457, BAY CITY, TX 77414** |
| | Home telephone number: | 979. 479. 2824 |
| | Name of employer: | |
| | Address of employment: | |
| | Work telephone number: | |

12.7.  **IT IS ORDERED** that each parent, who has not previously done so, provide information regarding the medical history of the parent and parent's ancestors on the medical history form, pursuant to § 161.2021, Texas Family Code.

13.  **Warnings to Parties**

FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

14. **Expiration of Ad Litems and Other Appointments**

**IT IS ORDERED AND DECREED** that each Attorney Ad Litem and Attorney/Guardian Ad Litem and any other appointments not specifically retained above in this decree that have been made by this Court in this case do not conclude with the signing of this final judgment. These appointments continue until this case is final. This case is not final until this Court's plenary jurisdiction from this final judgment expires, and all appeals, if any, have concluded. In other words, even though this judgment is final, the attorneys appointed in this case have a continuing legal and ethical obligation to represent their client's interests in this case to final disposition, which could include the provision of legal services in connection with post-judgment motions or an appeal. Notwithstanding the legal representation provided after this final judgment is signed, the attorneys appointed in this case are not appointed to provide legal representation for Placement Review Hearings held pursuant to Chapter 263 of the Family Code, and shall not do so pursuant to their appointments by this Court.

15. **Dismissal of Other Court-Ordered Relationship**

Except as otherwise provided in this order, any other existing court-ordered relationships with the child the subject of this suit are hereby terminated and any parties claiming a court-ordered relationship with the child are **DISMISSED** from this suit.

16. **Discharge from Discovery Retention Requirement**

**IT IS ORDERED AND DECREED** that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

17. **Denial of Other Relief**

**IT IS ORDERED AND DECREED** that all relief requested in this case and not expressly granted is denied.

18. **WARNING: APPEAL OF FINAL ORDER, PURSUANT TO §§ 263.405, TEXAS FAMILY CODE:**

**A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL. AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVERNED BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL.**

19. **NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:**

**YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO**

RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS 10,000.

SIGNED this _____ day of **DEC 1 7 2014** , 2014.

_____

**MICHAEL H. SCHNEIDER, JR.**
**JUDGE PRESIDING**

**APPROVED AS TO FORM:**

David S. Masquelette
Attorney for Movant
Department of Family and Protective Services
1019 Congress, 15th Floor
Houston, TX 77002-1700
State Bar # 13162700
*email:* david.masquelette@cao.hctx.net
*phone:* 713-274-5220
*fax:* 713-437-4700

Paul R. Lawrence
Attorney or the Mother,
Monica Lee Garcia
Aka Monica Lee Riedel
2180 North Loop West, Suite 550
Houston, TX 77018
State Bar # 1205000
*phone:* 713-864-8000
*fax:* 713-864-0179

Jeffrey H. Marsh
Attorney Ad Litem for the Child
5225 Katy Frwy.. #250
Houston, TX 77007
State Bar # 13018300
*phone:* 713-626-2774
*fax:* 713-626-2775

Sergio Reyes
Attorney for the Father,
Samuel R. Garcia, Jr.
3528 1/2 E. Broadway
Pearland, TX 77581
State Bar # 16794725
*phone:* 281-485-3600
*fax:* 281-485-5553

Dorothy Daley Oruaga
Guardian Ad Litem for the Child
2646 South Loop West, Ste. 635
Houston, TX 77054
State Bar # 00791380
*phone:* 713-592-9100
*fax:* 713-592-9108

Patricia Segura
Attorney for the Mother,
Monica Lee Garcia
Aka Monica Lee Riedel
1001 West Loop South, Ste. 809
Houston, TX 77027
State Bar # 00784943
*phone:* 713-526-0322
*fax:* 713-623-2833

# CHILD SUPPORT ATTACHMENT A

1. **Child Support Obligation:** MONICA LEE GARCIA AKA MONICA LEE RIEDEL

   1.1. **Monthly Payments**

   1.1.1. **IT IS ORDERED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is obligated to pay and shall pay child support of **$223.89** per month to **SAMUEL R. GARCIA, JR.** for the support of **CALEB CHRISTOPHER GARCIA**, with the first payment being due and payable on **January 1, 2015** and a like payment being due and payable on the **1st** day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

   1. the child reaches the age of eighteen years, provided that, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma, the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates;
   2. the child marries;
   3. the child dies;
   4. the child's disabilities are otherwise removed for general purposes; or
   5. further order modifying this child support.

   1.2. **Notice of Change of Employer**

   **IT IS FURTHER ORDERED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** and her employer shall notify this Court and the Managing Conservator of the child the subject of this suit by U.S. certified mail, return receipt requested, of any termination of employment. This notice shall be given no later than seven days after the termination of employment, and shall include the current, or last known address of **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** and the name and address of the new employer, if known. **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall inform any subsequent employer of this support obligation and the withholding order.

2. **Place and Manner of Payment of Child Support**

   2.1. **IT IS ORDERED** that all child support payments are to be made through the Office of the Attorney General, Texas Child Support State Distribution Unit, P.O. Box 659791, San Antonio, Texas 78265-9941, for distribution to **SAMUEL R. GARCIA, JR., 1736 COUNTY ROAD 457, BAY CITY, TX 77414.**

   2.2. **IT IS ORDERED** that each payer or employer sending payments to the designated registry shall provide the registry with the following information: A.G. Case number; Payer Name; Payer SSN; Payee Name; and the court and cause number. Employers shall provide the date of withholding. If payments are processed through a local

registry, that registry shall include with the information provided to the attorney general the date the local registry received the payment.

3. **Statement on Guidelines**

To the extent that any support obligation specified above varies from the amount computed by applying the percentage guidelines in Chapter 154, Texas Family Code, the Court finds that the application of the percentage guidelines would be unjust or inappropriate, as more particularly shown in this Court's Findings on Child Support Order with respect to each obligor, which findings are incorporated herein as if set out verbatim in this paragraph.

4. **Withholding from Earnings for Child Support**

4.1. **IT IS ORDERED** that income shall be withheld from the disposable earnings of any Obligor under this order for payment of child support.

4.2. **IT IS FURTHER ORDERED** that all amounts withheld from the disposable earnings of an Obligor by the employer and paid in accordance with the order by that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this order through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100% of the amount ordered to be paid by this order, the balance due remains an obligation of the Obligor, and it is hereby **ORDERED** that said Obligor pay the balance due directly to the registry specified above.

4.3. On this date the Court signed an "Employer's Order to Withhold from Earnings for Child Support" with respect to each obligor under this order. **IT IS ORDERED** that, on the request of the Department, a prosecuting attorney, the Title IV-D Agency, or the parent obligated to pay support, the clerk of this Court shall cause a certified copy of the appropriate "Employer's Order to Withhold from Earnings for Child Support" to be delivered to the employer of any obligor. **IT IS FURTHER ORDERED** that the clerk of this Court shall attach a copy of subchapter C of chapter 158 of the Texas Family Code for the information of any employer.

# MEDICAL SUPPORT AND HEALTH INSURANCE PROVISIONS ATTACHMENT C

1. **Parent Obligated to Pay for Health Insurance: MONICA LEE GARCIA AKA MONICA LEE RIEDEL**

    1.1. The Court finds that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is obligated to pay for 50% of all medical expenses not covered by health insurance.

2. **Parent Obligated to Pay for Health Insurance: SAMUEL R. GARCIA, JR.**

    2.1. **SAMUEL R. GARCIA, JR.** is to maintain health insurance for the child, **CALEB CHRISTOPHER GARCIA.**

    2.2 Obligor's Obligation –

    Obligations of **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** - **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is ORDERED to pay to **SAMUEL R. GARCIA, JR.** fifty percent (50%) of the actual cost of the health insurance premiums for the child as additional child support, with the first installment of the fifty percent (50%) of the actual cost of the health insurance premiums being due and payable on **January 1, 2015** and a like installment being due and payable on the 1st day of each month thereafter until there is a change in the fifty percent (50%) of the actual cost of the health insurance premiums for the at child. Beginning on the first day of the month following each change in the fifty percent (50%) of the actual cost of the health insurance premiums for that child, **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is ORDERED to pay **SAMUEL R. GARCIA, JR.** fifty percent (50%) of the actual cost of the health insurance premiums for the child as additional child support, with the first installment of the changed amount being due and payable on the 1st day of the first month after the change becomes effective and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is to receive written notice of said change and a like installment being due and payable on the 1st day of each month thereafter until there is another change in the fifty percent (50%) of the actual cost of the health insurance premiums for that child. **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is ordered to pay this additional child support to **SAMUEL R. GARCIA, JR.** as long as **SAMUEL R. GARCIA, JR.** is providing health insurance of that child even if the health insurance policy changes after the date of this order. IT IS ORDERED that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** may not be held in contempt of court for failure to pay **SAMUEL R. GARCIA, JR.** for any increase in the fifty percent (50%) of the actual cost of the health insurance premiums until fifteen days after the date **SAMUEL R. GARCIA, JR.** furnishes proof of the amount of the new premium to **MONICA LEE GARCIA AKA MONICA LEE RIEDEL**. IT IS ORDERED that the additional child support payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to **SAMUEL R. GARCIA, JR.** for the support of the child. IT IS FURTHER ORDERED that any employer of **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall be ordered to withhold from

earning for such additional child support from the disposable earning of **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** for the support of the child.

3.   **General Health Insurance Provisions**

3.1.   "Health insurance" is defined as insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services and may be provided through a health maintenance organization or other private or public organization.

3.2.   In addition to the provision of insurance or cash medical support ordered above, each parent is **ORDERED** to pay 50% of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the child, including, without limitation, the yearly deductible and medical, prescription drug, psychiatric, psychological, dental, eye care, ophthalmologic, and orthodontic charges, for as long as child support is payable under the terms of these orders.

3.3.   **IT IS ORDERED** that the party who pays for a health-care expense on behalf of the child shall submit to the obligated parent(s), within ten days of receiving them, all forms, receipts, bills, and statements reflecting the uninsured portion of the health-care expenses the paying party incurs on behalf of the child.

3.4.   **IT IS ORDERED** that reasonableness of the charges for health-care expenses shall be presumed on presentation of the bill to a party and that disallowance of the bill by a health insurer shall not excuse that party's obligation to make payment or reimbursement as otherwise provided herein.

3.5.   **IT IS ORDERED** that a party providing health insurance shall furnish to the child's Managing Conservator the following information no later than the tenth day after the date the notice of the rendition of this decree is received:

- the Social Security number of the party providing insurance;
- the name and address of the employer of the party providing insurance;
- whether the employer is self-insured or has health insurance available;
- proof that health insurance has been provided for the child; and,
- either the name of the health insurance carrier, the number of the policy, a copy of the policy and schedule of benefits, a health insurance membership card, claim forms, and any other information necessary to submit a claim
- or, if the employer is self-insured, a copy of the schedule of benefits, a membership card, claim forms, and any other information necessary to submit a claim.

3.6.   Notices and other communications required to carry out the terms of this medical support order shall be given by certified mail, return receipt requested to the address provided for the receiving party in this order.

### 3.7. Constructive Trust for Payments Received

**IT IS ORDERED** that any insurance payments received by the party carrying the health insurance policy covering the child from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the party who incurred and paid those expenses. **IT IS FURTHER ORDERED** that the party carrying the policy is designated a constructive trustee to receive any insurance checks or payments for health-care expenses incurred and paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits, to the other party within three days of receiving them.

### 3.8. Insurance Claim by Party Not Carrying Insurance

In accordance with Article 3.51—13 of the Texas Insurance Code, **IT IS ORDERED** that the party who is not carrying the health insurance policy covering the child may, at that party's option, file directly with the insurance carrier with whom coverage is provided for the benefit of the child any claims for health-care expenses, including, but not limited to, medical, hospitalization, and dental costs. Further, for the sole purpose of article 3.51—13 of the Texas Insurance Code, the party who is not carrying the health insurance policy is designated the managing conservator of the child.

## 4. Warning

**A parent ordered to provide health insurance who fails to do so is liable for necessary medical expenses of the child, without regard to whether the expenses would have been paid if health insurance had been provided.**

# Exhibit A

## STANDARD POSSESSION ORDER
### Texas Family Code, Sections 153.312 et. seq.

### A. PARENTS WHO RESIDE 100 MILES OR LESS APART

Except as otherwise explicitly provided, if the Joint Managing Conservator resides 100 miles or less from the primary residence of the child, the Joint Managing Conservator shall have the right to possession of the child as follows:

1) **Weekends.**

On weekends beginning at 6:00 p.m. on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2) **Thursday**

On Thursdays of each week during the regular school term beginning at 6:00 p.m. and ending at 8:00 p.m.

3) **Vacations.** The following provisions govern possession of the child for vacations and for certain specific holidays and supersede any conflicting weekend or Thursday periods of possession provided by Subsection (1) and (2) of this section. The Joint Managing Conservator and (Father) Primary Joint Managing Conservator shall have the rights of possession of the child as follows:

   a) **Spring Vacation.** The Joint Managing Conservator shall have possession of the child in even-numbered years beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes, and the (Father) Primary Joint Managing Conservator shall have possession for the same period in odd-numbered years.

   b) **Summer.** (1) If the Joint Managing Conservator gives the (Father) Primary Joint Managing Conservator written notice by April 1 of each year specifying an extended period or periods of summer possession, the Joint Managing Conservator shall have possession of the child for 30 days beginning not earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, to be exercised in no more than two separate periods of at least seven consecutive days each; with each period of possession beginning and ending at 6 p.m. on each applicable day; or

   (2) If the Joint Managing Conservator does not give the (Father) Primary Joint Managing Conservator written notice by April 1 of each year specifying an extended period or periods of summer possession, the Joint Managing Conservator shall have possession of the child for 30 consecutive days beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

   (3) If the (Father) Primary Joint Managing Conservator gives the Joint Managing Conservator written notice by April 15 of each year, the (Father) Primary Joint Managing Conservator shall have possession of the child on any one weekend beginning Friday at 6:00 p.m. and ending at 6:00 p.m. on the following Sunday during any one period of possession by the Joint Managing Conservator under Subdivision (d) of this subsection provided that the (Father) Primary Joint Managing Conservator picks up the child from Joint Managing Conservator and returns the child to that same place.

   (4) If the (Father) Primary Joint Managing Conservator gives the Joint Managing Conservator written notice by April 15 of each year or gives the Joint Managing Conservator 14 days' written notice on or after April 16 of each year, the (Father) Primary Joint Managing Conservator may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending not later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by the Joint Managing Conservator will not take place, provided that the weekend designated does not interfere with the Joint Managing

Conservator's period or periods of extended summer possession or with Father's Day if the Joint Managing Conservator is the father of the child.

## B. PARENTS WHO RESIDE OVER 100 MILES APART

Except as otherwise explicitly provided. if the Joint Managing Conservator resides more than 100 miles from the residence of the child, the Joint Managing Conservator shall have the right to possession of the child as follows:

**Weekends. CHECK ONE:**



___ On weekends beginning at 6:00 p.m. on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

___ Not more than one weekend per month of the Joint Managing Conservator's choice, beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend, provided that the Joint Managing Conservator gives the (Father) Primary Joint Managing Conservator 14 days' advance written or telephonic notice preceding a designated weekend, provided that the Joint Managing Conservator elects an option for this alternative period of possession by written notice given to the (Father) Primary Joint Managing Conservator within 90 days after the parties begin to reside more than 100 miles apart.

a) Each year beginning at 6 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. the day before school resumes after that vacation.

b) (1) If the Joint Managing Conservator gives the (Father) Primary Joint Managing Conservator written notice by April 1 of each year specifying an extended period or periods of summer possession, the Joint Managing Conservator shall have possession of the child for 42 days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days prior to school resuming at the end of the summer vacation. to be exercised in no more than two separate periods of at least seven consecutive days each; with each period of possession beginning and ending at 6 p.m. on each applicable day; or

(2) If the Joint Managing Conservator does not give the (Father) Primary Joint Managing Conservator written notice by April 1 of each year specifying an extended period or periods of summer possession, the Joint Managing Conservator shall have possession of the child for 42 consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27.

c) If the (Father) Primary Joint Managing Conservator gives the Joint Managing Conservator written notice by April 15 of each year the (Father) Primary Joint Managing Conservator shall have possession of the child on one weekend beginning Friday at 6:00 p.m. and ending at 6:00 p.m. on the following Sunday during one period of possession by the Joint Managing Conservator under Subdivision (3), provided that if a period of possession by the Joint Managing Conservator exceeds 30 days, the (Father) Primary Joint Managing Conservator may have possession of the child under the terms of this subdivision on two nonconsecutive weekends during that time period, and further provided that the (Father) )Primary Joint Managing Conservator picks up the child from the Joint Managing Conservator and returns the child to that same place.

d) If the (Father) Primary Joint Managing Conservator gives the Joint Managing Conservator written notice by April 15 of each year, the (Father) Primary Joint Managing Conservator may designate 21 days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, to be exercised in no more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6 p.m. on each applicable day, during which the Joint Managing Conservator shall not have possession of the child, provided that the period or periods so designated do not interfere with the Joint Managing Conservator's period or periods of extended summer possession or with Father's Day if the Joint Managing Conservator is the, father of the child.

## C. HOLIDAY POSSESSION

Except as otherwise explicitly provided, the provisions governing possessions of the child for certain specific holidays supersedes conflicting weekend or Thursday periods of possession without regard to the distance the parents reside apart. The Joint Managing Conservator and the (Father) Primary Joint Managing Conservator shall have the rights of possession of the child as follows:

1) **Christmas.** The Joint Managing Conservator shall have possession of the child in even-numbered years beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28th, and the (Father) Primary Joint Managing Conservator shall have possession for the same period in odd-numbered years.

    The Joint Managing Conservator shall have possession of the child in odd-numbered years beginning at noon on December 28th and ending at 6:00 p.m. on the day before school resumes after that vacation, and the managing conservator shall have possession for the same period in even-numbered years.

2) **Thanksgiving.** The Joint Managing Conservator shall have possession of the child in odd-numbered years beginning at 6:00 p.m. on the day the child is dismissed from school before Thanksgiving and ending at 6:00 p.m. on the following Sunday, and the managing conservator shall have possession for the same period in even-numbered.

3) **Child's Birthday** The parent not otherwise entitled under this standard possession order to present possession of a child on the child's birthday shall have possession of the child beginning at 6 p.m. and ending at 8 p.m. on that day, provided that the parent picks up the child from the residence of the conservator entitled to possession and returns the child to that same place.

4) If a conservator, the father shall have possession of the child beginning at 6 p.m. on the Friday preceding Father's Day and ending on Father's Day at 6 p.m., provided that, if he is not otherwise entitled under this standard possession order to present possession of the child, he picks up the child from the residence of the conservator entitled to possession and returns the child to that same place; and

5) If a conservator, the mother shall have possession of the child beginning at 6 p.m. on the Friday preceding Mother's day and ending on Mother's Day at 6 p.m. provided that, if she is not otherwise entitled under this standard possession order to present possession of the child, she picks up the child from the residence of the conservator entitled to possession and returns the child to that same place.

## D. WEEKEND POSSESSION EXTEND BY HOLIDAY

IT IS ORDERED AND DECREED that if a weekend period of possession of the Joint Managing Conservator coincides with a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or with a federal, state, or local holiday that falls on a Monday during the summer months in which school is not in session, the weekend possession shall end a 6 p.m. on Monday.

IT IS ORDERED AND DECREED that if a weekend period of possess of the Joint Managing Conservator coincides with a student holiday or teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or with a federal, state, or local holiday that falls on a Friday during the summer months in which school is not in session, the weekend possession shall begin at 6 p.m. on Thursday.

### GENERAL TERMS AND CONDITIONS

Except as otherwise explicitly provided, terms and conditions of possession of a child that apply irrespective of the distance between the residence of parent and child are as follows:

1) The managing conservator shall surrender the child to the Joint Managing Conservator at the beginning of each period of the Joint Managing Conservator's possession at the residence of the (Father) Primary Joint Managing Conservator.

2) If the Joint Managing Conservator elects to begin a period of possession at the time the child's school is regularly dismissed, the (Father) Primary Joint Managing Conservator shall surrender the child to the Joint Managing Conservator at the beginning of each period of possession at the school in which the child is enrolled;

3) The Joint Managing Conservator shall: **CHECK ONE**

____ Surrender the child to the (Father) Primary Joint Managing Conservator at the end of each period of possession at the residence of the Joint Managing Conservator.

____ Return the child to the residence of the (Father) Primary Joint Managing Conservator at the end of each period of possession, except that the Joint Managing Conservator shall surrender the child to the managing conservator at the end of each period of possession at the residence of the Joint Managing Conservator if:

    a) at the time the original order or a modification of an order establishing terms and conditions of possession or access the Joint Managing Conservator and the (Father) Primary Joint Managing Conservator lived in the same county, the Joint Managing Conservator's county or residence remains the same after the rendition of the order establishing terms and conditions of possession and access, and the (Father) Primary Joint Managing Conservator's county of residence changes, effective on the date of the change of residence by the (Father) Primary Joint Managing Conservator; or

    b) the Joint Managing Conservator and (Father) Primary Joint Managing Conservator lived in the same residence at any time during a six-month period preceding the date on which a suit for dissolution of the marriage was filed and the Joint Managing Conservator's county of residence remains the same and the (Father) Primary Joint Managing Conservator's county of residence changes after they no longer live in the same residence, effective on the date the order is rendered.

4) If the Joint Managing Conservator elects to end a period of possession at the time the child's school resumes, the Joint Managing Conservator shall surrender the child to the (Father) Primary Joint Managing Conservator at the end of the each period of possession at the school in which the child is enrolled.

5) Each conservator shall return with the child the personal effects that the child brought at the beginning of the period of possession.

6) Either parent may designate any competent adult to pick up and return the child, as applicable; a parent or a designated competent adult shall be present when the child is picked up or returned.

7) A parent shall give notice to the person in possession of the child on each occasion that the parent will be unable to exercise that parent's right of possession for any specified period:

8) Written notice shall be deemed to have been made if received or postmarked before or at the time that notice is due.

9) If a conservator's time of possession of a child ends at the time school resumes and for any reason the child is not or will not be returned to school, the conservator in possession of the child shall immediately notify the school and the other conservator that the child will not be or has not been returned to school.

11/24/2015 1:20:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7971642
By: Sylvia Reyes
Filed: 11/24/2015 1:20:59 PM

LAWRENCE AND BACA, PLLC
ATTORNEYS AT LAW
2180 NORTH LOOP WEST, SUITE 510
HOUSTON, TEXAS 77018

PAUL R. LAWRENCE
BILLY G. BACA
LIBBYE C. HOWARD

TELEPHONE 864-8000
FACSIMILIE 864-0179

November 24, 2015

Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210

Attention: Civil Post Trial

Re:    Cause No. 2013-03557J; In the Interest of Caleb Christopher Garcia

Court of Appeals No. 14-15-00015-CV

Dear Deputy Clerk:

We request that you consider this a Request for Expedited Supplementation of Clerk's Record. Please prepare, certify and file the Notice of Past Due Findings of Fact and Conclusions of Law in the 14th Court of Appeals in No. 14-15-00015-CV, that was filed in this case.

A copy of said Notice, which was filed on January 9, 2015 is attached hereto.

Yours truly,

Paul R. Lawrence

PRL:thc


EXHIBIT
D